_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and WILLIAM BONLENDER (in his capacity as Trustee),**

**WISCONSIN LABORERS PENSION FUND, WISCONSIN**
**LABORERS HEALTH FUND, WISCONSIN LABORERS**
**APPRENTICESHIP AND TRAINING FUND and**
**KENT MILLER (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS COOPERATION**
**AND EDUCATION TRUST FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**OPERATIVE PLASTERS and CEMENT MASONS**
**LOCAL 599 AREA 204 PENSION FUND and TODD GRAY**
**(in his capacity as Trustee),**

<div align="center">

**Plaintiffs,**

</div>

    **v.**                                                             **Case No. 26-cv-1034**

**CORNERSTONE PAVERS, LLC**

<div align="center">

**Defendant.**

</div>

_____

<div align="center">

**COMPLAINT**

</div>

_____

**NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendant, allege and show to the court the following:

<div align="center">

**Jurisdictional and Venue**

</div>

1. Jurisdiction of this Court upon Defendant Cornerstone Pavers, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved

by Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and LMRA § 301.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant's principal place of business is in Racine County, Wisconsin.

### Parties

3. Plaintiff Building Trades United Pension Trust Fund ("Building Trades Pension Fund") is an employee benefit plan within the meaning of §§ 3(2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff William Bonlender is a trustee and beneficiary of the Building Trades Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action.  Mr. Bonlender maintains an office at 17125 West Cleveland Ave., New Berlin, WI.  53151.

5. Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship and Training Fund, are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of

2

said plan. Said plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Plaintiff Kent Miller is a Trustee and a fiduciary of the Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Wisconsin Laborers Apprenticeship and Training Fund and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Kent Miller maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

7. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

8. Plaintiff Wisconsin Laborers District Council ("District Council") is a labor organization within the meaning of 29 U.S.C. § 158 et seq. Said labor organization maintains offices at 4633 LUINA Way, Suite 101, DeForest, Wisconsin 53532.

9. Plaintiff Operative Plasterers and Cement Masons Local 599 Area 204 Pension Fund ("Masons 204 Pension Fund") is a multiemployer plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3). The Masons 204 Pension Fund maintains an office at 2901 West Beltline Highway, Suite 100, Madison, Wisconsin 53713.

10. Plaintiff Todd Gray is a trustee and beneficiary of the Masons 204 Pension Fund and as such has standing to be a Plaintiff in this action. Mr. Gray maintains an office

3

at 1201 Post Road, Madison, Wisconsin 53713.

11.     Cornerstone Pavers, LLC ("Cornerstone Pavers") is a limited liability corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 6422 State Road 31, Suite 1, Racine, Wisconsin 53402-9513.  The company's registered agent for service of process is Chris Cape, 6422 State Road 31, Suite 1, Racine, Wisconsin 53402-9513.

## Facts

12.     Cornerstone Pavers is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

13.     For all times relevant, Cornerstone Pavers was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the District Council and Operative Plasterers and Cement Masons Local 599 Area 204 ("Unions").

14.     The Labor Agreements described herein contain provisions whereby Cornerstone Pavers agreed to make contributions and payments to the Plaintiffs by the fifteenth day of the month after the one during which the work was performed.

15.     By execution of said Labor Agreements, Cornerstone Pavers adopted the trust  agreements and amendments thereof; which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the

4

scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Funds' policies on employer accounts.

16. Cornerstone Pavers has failed to remit to the Plaintiffs all contributions required by its collective bargaining agreements with the Unions.

17. Even when Cornerstone Pavers has remitted contributions to the Plaintiffs, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the policies on employer accounts that are binding upon Cornerstone Pavers, it owes to the Plaintiffs interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

18. Upon information and belief Cornerstone Pavers has withheld from the paychecks of its employees, yet failed to remit to the District Council, working dues owed by its employees to the District Council.

**Claim One Against Cornerstone Pavers, LLC**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

19. As and for a first claim for relief against Cornerstone Pavers, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate the same as though fully set forth herein word for word.

20. For purposes of this claim, Plaintiffs Building Trades United Pension Trust Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship and Training Fund, Masons 204 Pension Fund collectively will be referred to as the "Funds."

21. Cornerstone Pavers has failed to remit to the Funds all contributions required by its collective bargaining agreements with the Unions, in violation of 29 U.S.C. § 1145.

5

22.     Therefore, on all contributions that remain unpaid from January 1, 2021 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from Cornerstone Pavers all owed contributions; as well as their reasonable value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. § 1132(g), the Plaintiff Funds' policies on employer accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1.     Judgment on behalf of the Funds and against Cornerstone Pavers:

    A.     For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period January 1, 2021 to the present;

    B.     For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C.     Reasonable attorney fees and the costs of this action.

2.     For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Cornerstone Pavers, LLC
## Violation of LMRA § 301 (29 USC § 185)

23. As for a second claim for relief against Cornerstone Pavers, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 22 above and incorporate same as though fully set forth herein word for word.

24. For purposes of this claim, LECET and the District Council will be referred to as the "Laborers Union."

25. Cornerstone Pavers breached its collective bargaining agreement with the District Council to the extent it failed to remit contributions and working dues to the Laborers Union.

26. Cornerstone Pavers deducted working dues from its employees' paychecks, such working dues owed to the District Council, but failed to submit the same to the District Council in a timely fashion.

27. By failing to remit to the District Council the union dues that it deducted from the paychecks of its employees, as well as contributions owed to LECET, Cornerstone Pavers breached its collective bargaining agreement(s) with the District Council; so that the Laborers Union is entitled to recover all such dues thereof.

**WHEREFORE**, the Plaintiffs demand the following relief:

A. Judgment on behalf of the Laborers Union against Cornerstone Pavers for all contributions and working dues owed to them for the time period after January 1, 2021 to the present;

B. For unpaid contributions and working owed to the Laborers Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

7

C.      Reasonable attorney fees and the costs of this action.

Dated this 1st day of June 2026.

<div style="margin-left: 40%;">

s/Christopher Ahrens
Christopher J. Ahrens (SBN 1043237)
Alex J. Sterling (SBN: 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

</div>